UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>ABDULLAHI SAID, individually, and MIDWAY TRANSPORTATION, LLC,<br><br>    Defendants. | Case No. 3:20-cv-50247<br><br>**JURY DEMANDED** |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, by and through her attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for her Complaint against the Defendants, ABDULLAHI SAID, individually, and MIDWAY TRANSPORTATION, LLC, states as follows:

**Preliminary Statement**

1.    This is an action for the wrongful death of Lorne Hoover arising from a personal injury accident occurring on or about January 30, 2019.

**Parties**

2.    Tara Hoover is an individual that is a citizen of the State of Illinois and Lorne Hoover's surviving spouse, and hereby brings this action on behalf of the Estate of Lorne Hoover.

3.    Lorne Hoover ("Hoover") was an individual that was a citizen of the State of Illinois, prior to his death.

4.    Abdullahi Said ("Said") is an individual that is a citizen of the State of Minnesota.

5.    Midway Transportation, LLC ("Midway Transportation"), is a limited liability

1

company with its sole LLC member, Yonis Abdalle, being a citizen of the State of Minnesota, and therefore Midway Transportation is a citizen of the State of Minnesota.

## Jurisdiction

6.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as this Complaint is predicated on a civil action where the matter of controversy exceeds $75,000.00 and is between citizens of different States among Plaintiff and Defendants.

## Venue

7.  Venue is proper in this Court under 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

## Allegations Common to All Counts

8.  Hoover was employed with Mueller-Pinehurst Dairy as a truck driver on or about January 30, 2019.

9.  Said was employed with Midway Transportation as a truck driver on or about January 30, 2019.

10.  On January 30, 2019, Hoover was driving a semi-truck for Mueller-Pinehurst Dairy, and travelling westbound on Interstate-90 at approximately 10:14 a.m., near milepost 41.25 in the right lane, in Kane County, IL.

11.  At said place and time, Said was driving a semi-truck for Midway Transportation, and also travelling westbound on Interstate-90 in the right lane.

12.  At said place and time, Said's semi-truck begin to experience an engine failure and/or mechanical issues, and his vehicle abruptly slowed down to approximately 30-45 mph in an area with a posted speed limit of 60 mph.

13.  At said place and time, Hoover was driving his semi-truck behind Said's semi-truck, and was unable to slow his semi-truck to accommodate for the drastic slowdown of Said's semi-

2

truck.

14. At said place and time, as a result of the abrupt and sudden slowdown of Said's semi-truck, Hoover violently collided into the rear end of Said's semi-truck, causing the death of Hoover.

## Count I – Wrongful Death (Abdullahi Said)

15. Plaintiff restates and re-alleges paragraph one through fourteen of this Complaint as if fully restated herein.

16. That this action is being brought for the wrongful death of Lorne Hoover, deceased, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1.

17. It was the duty of the Defendant, Abdullahi Said, to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to Lorne Hoover.

18. That in violation of said duty, the Defendant then and there committed one more of the following careless and/or negligent acts and/or omissions:

  a. Operated said motor vehicle without keeping a proper and sufficient lookout;

  b. Failed to move his vehicle to the shoulder of the highway in a timely manner;

  c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

  d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

  e. Failed to take evasive action to avoid collision;

  f. Maintained an improper minimum speed pursuant to 625 ILCS 5/11-606;

  g. Failed to conduct a proper pre-trip inspection of the vehicle to determine if any mechanical or maintenance issues existed prior to departure;

      h. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

      i. Was otherwise careless or negligent.

19. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, Lorne Hoover struck the Defendant's vehicle, causing the death of Lorne Hoover.

20. The decedent left surviving his wife, Tara Hoover, and two minor children, Lorelai Hoover and Cordelia Hoover, who have suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, prays for judgment against the Defendant, ABDULLAHI SAID, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

### Count II – Survival Action (Abdullahi Said)

21. Plaintiff restates and re-alleges paragraph one through twenty of this Complaint as if fully restated herein.

22. It was the duty of the Defendant, Abdullahi Said, to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to Lorne Hoover.

23. That in violation of said duty, the Defendant then and there committed one more of the following careless and/or negligent acts and/or omissions:

      a. Operated said motor vehicle without keeping a proper and sufficient lookout;

    b. Failed to move his vehicle to the shoulder of the highway in a timely manner;

    c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

    d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

    e. Failed to take evasive action to avoid collision;

    f. Maintained an improper minimum speed pursuant to 625 ILCS 5/11-606;

    g. Failed to conduct a proper pre-trip inspection of the vehicle to determine if any mechanical or maintenance issues existed prior to departure;

    h. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

    i. Was otherwise careless or negligent.

24. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, Lorne Hoover struck the Defendant's vehicle, causing the death of Lorne Hoover.

25. That prior to his death and as a result of the aforementioned careless and/or negligent acts and/or omissions, the decedent suffered serious personal injuries, including but not limited to, great pain and suffering before his death, subjecting the Defendant to liability pursuant to 755 ILCs 5/27-6, the Illinois Survival Statute.

26. The decedent left surviving his wife, Tara Hoover, and two minor children, Lorelai Hoover and Cordelia Hoover, who have suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, prays for judgment against the Defendant, ABDULLAHI SAID, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS

($75,000.00), plus costs, and any other relief this Court deems just.

## Count III – Wrongful Death (Midway Transportation, LLC)

27. Plaintiff restates and re-alleges paragraph one through twenty-six of this Complaint as if fully restated herein.

28. That at the time of this incident, Abdullahi Said was acting as an agent/servant/employee of the Defendant, Midway Transportation, LLC, and it was the duty of Abdullahi Said to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to Lorne Hoover.

29. That in violation of said duty, the Defendant, by and through its agent/servant/employee, Abdullahi Said, then and there committed one more of the following careless and/or negligent acts and/or omissions:

   a. Operated said motor vehicle without keeping a proper and sufficient lookout;

   b. Failed to move his vehicle to the shoulder of the highway in a timely manner;

   c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

   d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

   e. Failed to take evasive action to avoid collision;

   f. Maintained an improper minimum speed pursuant to 625 ILCS 5/11-606;

   g. Failed to conduct a proper pre-trip inspection of the vehicle to determine if any mechanical or maintenance issues existed prior to departure;

   h. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

   i. Was otherwise careless or negligent.

30. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, Lorne Hoover struck the Defendant's vehicle, causing the

6

death of Lorne Hoover.

31. The decedent left surviving his wife, Tara Hoover, and two minor children, Lorelai Hoover and Cordelia Hoover, who have suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, prays for judgment against the Defendant, MIDWAY TRANSPORTATION, LLC, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

### Count IV – Survival Action (Midway Transportation, LLC)

32. Plaintiff restates and re-alleges paragraph one through thirty-one of this Complaint as if fully restated herein.

33. That at the time of this incident, Abdullahi Said was acting as an agent/servant/employee of the Defendant, Midway Transportation, LLC, and it was the duty of Abdullahi Said to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to Lorne Hoover.

34. That in violation of said duty, the Defendant, by and through its agent/servant/employee, Abdullahi Said, then and there committed one more of the following careless and/or negligent acts and/or omissions:

    a. Operated said motor vehicle without keeping a proper and sufficient lookout;

    b. Failed to move his vehicle to the shoulder of the highway in a timely manner;

    c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

    d. Failed to give an audible warning with his horn when such warning was

        reasonably necessary to ensure safety;

    e. Failed to take evasive action to avoid collision;

    f. Maintained an improper minimum speed pursuant to 625 ILCS 5/11-606;

    g. Failed to conduct a proper pre-trip inspection of the vehicle to determine if any mechanical or maintenance issues existed prior to departure;

    h. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

    i. Was otherwise careless or negligent.

35. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, Lorne Hoover struck the Defendant's vehicle, causing the death of Lorne Hoover.

36. That prior to his death and as a result of the aforementioned careless and/or negligent acts and/or omissions, the decedent suffered serious personal injuries, including but not limited to, great pain and suffering before his death, subjecting the Defendant to liability pursuant to 755 ILCs 5/27-6, the Illinois Survival Statute.

37. The decedent left surviving his wife, Tara Hoover, and two minor children, Lorelai Hoover and Cordelia Hoover, who have suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, prays for judgment against the Defendant, MIDWAY TRANSPORTATION, LLC, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

## **JURY DEMAND**

Plaintiff, TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

TARA HOOVER, as Special Administrator of the Estate of LORNE HOOVER, deceased, Plaintiff

By: /s/ Mohit Khare
    Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com