## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

TARA HOOVER, as Special Administrator of    )
Estate of LORNE HOOVER, Deceased            )
                                         )
      Plaintiff,           )      No. 3:20-cv-50247
                                         )
    v.                             )
                                         )      Judge Iain D. Johnston
ABDULLAHI SAID, Individually, MIDWAY        )
TRANSPORTATION, LLC, C W LUCKY              )
STAR TRUCKING, INC., and SHIRE CORP.,       )
                                         )
      Defendants.          )
_____     )
MIDWAY TRANSPORTATION, LLC and              )
ABDULLAHI SAID,                             )
                                         )
      Third-Party Plaintiffs,    )
                                         )
v.                                          )
                                         )
MULLER-PINEHURST DAIRY, INC.,               )
                                         )
      Third-Party Defendant.    )

## MEMORANDUM OPINION AND ORDER

Defendants ABDULLAHI SAID, a truck driver involved in a motor vehicle collision, and

MIDWAY TRANSPORTATION, LLC ("Midway"), Said's employer, bring a contribution claim

against third-party defendant MULLER-PINEHURST. They allege multiple theories of

negligence and bring a claim under the Illinois Joint Tortfeasor Contribution Act.  Muller-

Pinehurst now moves the court to dismiss under Federal Rules of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief can be granted. For the following reasons, the Court

denies Muller-Pinehurst's motion to dismiss the third-party complaint.

1

# I. <u>FACTUAL ALLEGATIONS</u>[1]

Abdullahi Said drove a semi-truck for Midway. On January 30, 2019, his truck began experiencing mechanical issues while on a highspeed interstate. As a result, the truck slowed down to 30-45 mph in an area with a posted speed limit of 60 mph. Behind him was Lorne Hoover, who drove a semi-truck for Muller-Pinehurst. Hoover was unable to slow down his semi-truck in time and crashed into the rear end of Said's semi-truck, causing Hoover's immediate death. Hoover's wife, Tara Hoover, acting as the special administrator for his estate, filed suit against Said and Midway for wrongful death. Said and Midway then filed a third-party complaint against Muller-Pinehurst alleging several alternative theories of negligence and that Hoover's death was the result of Muller-Pinehurst's negligent acts and/or omissions. Said and Midway further allege that if they are found liable to Hoover's estate, they should be entitled to contribution from Muller-Pinehurst in an amount consistent with its pro-rata share of any common liability in accordance with the Illinois Joint Tortfeasor Contribution Act. 740 ILCS 100/2.

# II. <u>LEGAL STANDARD</u>

Rule 8 requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must also

---

[1] The Court draws all factual allegations from the first amended complaint, Dkt. 65 and Midway Transportation LLC's and Abdullahi Said's Amended Third-Party Complaint. Dkt. 98.

plausibly suggest that the plaintiff is entitled to relief, which "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The federal pleading standard does not require the plaintiff to plead every element; plaintiff need only plead enough facts to elevate his claim from conceivable to plausible. *Twombly*, 550 U.S. at 570; *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory."). The burden of persuasion on a motion to dismiss rests with the defendant, not the plaintiff. *Reyes v. City of Chicago*, 585 F. Supp. 2d 1010, 1017 (N.D. Ill. 2008) ("On a motion to dismiss, defendants have the burden of demonstrating the legal insufficiency of the complaint — not the plaintiffs or the court."). Thus, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations, and when evaluating a 12(b)(6) motion, the court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *See Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020).

### III. <u>ANALYSIS</u>

Muller-Pinehurst moves to dismiss Said and Midway's contribution claims against it, arguing that the claims are barred under the Illinois Joint Tortfeasor Contribution Act for the following reasons: (1) a third-party cannot base its contribution claim against an employer on the alleged acts of negligence committed by its employee, and (2) Muller-Pinehurst agreed to a Workers' Compensation Commission Settlement Agreement, in good faith, with plaintiff-employee that discharges it from any further liability for contribution.

A. Said and Midway Have Adequately Pleaded an Independent Tort

The Illinois Joint Tortfeasor Contribution Act provides that when two or more persons are subject to liability in tort arising out of the same wrongful death, there is a right to contribution among them, even though judgment has not been entered against any or all of them. 740 ILCS 100/2 (a). The Contribution Act also limits the right of contribution "to the amount paid [by the tortfeasor] in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2(b). An employer's liability only extends to the injury the negligent employees cause third persons, not the injuries negligent employees cause themselves. *Mattei v. Cessna Aircraft Co.*, 1992 U.S. Dist. LEXIS 5197 at * 12 (N.D. Ill. Mar. 31, 1992). To successfully bring a third-party contribution claim against an employer, the defendant must be able to point to independent acts of negligence on the part of that employer. *Shelvy v. Wal-Mart Stores East, L.P.*, No. 11-cv-9176, 2013 U.S. Dist. LEXIS 17220, at *5–6 (N.D. Ill. Feb. 8, 2013). So, a theory of contribution cannot be based solely on vicarious liability. "Thus for a third-party claimant to be entitled to relief from a plaintiff's employer under a contribution theory at the same time it asserts that the employee was contributorily negligent, it must allege that the employer's negligence was separate and distinct from that of the plaintiff-employee." Id. at *6. Illinois law recognizes a cause of action against an employer for negligently hiring, or retaining in its employment, an employee it knew or should have known, was unfit for the job or could create a danger of harm to third persons. *Van Horne v. Muller*, 705 N.E. 2d 898, 904 (Ill. Sup. Ct. 1998). An employer's liability for negligent hiring and retention is separate from respondeat superior liability for the acts of its employees. *Id*. Under these theories, the proximate cause of the plaintiff's injury is the employer's negligence in hiring or retaining the employee rather than the employee's wrongful action(s). *Id.*

4

Muller-Pinehurst contends that Said and Midway fail to state claims specific to Muller-Pinehurst and independent from Hoover's negligent driving. The court is puzzled by this contention, as the third-party complaint clearly alleges independent negligent acts and/or omissions that are independent of Hoover's negligent driving. Dkt. 89, ¶ 7. Muller-Pinehurst correctly points out that a third-party contribution action cannot be brought against it based on a theory of vicarious liability, but that is not the theory on which Said and Midway's base their claims. Dkt. 103, at 2. Specifically, the third-party complaint alleges that Muller-Pinehurst failed to properly train, supervise, and direct Hoover. *Id.* The third-party complaint further alleges that Muller-Pinehurst negligently retained Hoover, negligently entrusted Hoover to drive a semi-truck, and was negligent in its supervision, inspection, retention, and direction of Hoover's work. *Id.* Although there is overlap between Hoover's alleged contributory negligence and Muller-Pinehurst's alleged negligent acts or omissions in the sense that they both involve Hoover's driving, if the allegations relate only "'indirectly'" to a plaintiff's alleged contributory negligence, the third-party contribution claim may still be considered "'sufficiently independent to preclude dismissal on motion.'" *Shelvy,* No. 11-cv-9176, 2013 U.S. Dist. LEXIS 17220, at *7 (quoting *Evans v. Polaski*, No. 08 CV 7405 (N.D. Ill. Oct. 21, 2009)) (allegations that plaintiff operated truck negligently were sufficiently independent from allegations that employer failed to properly train the plaintiff to operate the truck). Although Said and Midway's theories that Muller-Pinehurst contributed to Hoover's death by negligent acts and/or omissions may not succeed, they have adequately pleaded a claim, allowing them to pursue those theories through the discovery stage.

B. The Settlement Agreement is Not a Basis for Dismissal under Rule 12(b)(6)

In the alternative, Muller-Pinehurst further argues that the contribution claim against it should be barred because it agreed to a Workers' Compensation Commission Settlement Agreement with Hoover's estate, which included an agreement that the settlement was entered into in good faith. Muller-Pinehurst asserts that the agreement releases it from additional liability. Dkt. 98, at 4. This argument fails on two fronts. First, Muller-Pinehurst presents extrinsic information outside of the third-party complaint and is thus inappropriate for consideration on a motion to dismiss. Second, even if the Court were to consider the extrinsic information about the terms of the Workers' Compensation Commission Settlement Agreement, the parties cannot not simply agree that a settlement was made in good faith. The Contribution Act requires a judicial determination of good faith, which has not occurred.

As a general rule, on a Rule 12(b)(6) motion, the court may consider only the contents of the party's pleading. *Rosenblum v. Travelyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Rule 12(d) provides that, to consider documents outside of the pleadings, the Court must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).[2] Rule 12(d) is mandatory. *Glob. Network Comm'ns, Inc. v. City of New York*, 458 F. 3d 150, 155 (2d Cir. 2006); 2 James Wm. Moore Et Al., Moore's Federal Practice § 12.34[3][a] at 12–50 (3d ed. 2022); *see also Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 684 (7th Cir. 1994) (the rule "commands that if a district court considers material that is not included in the pleadings, the district court must treat the motion to dismiss as one for summary judgment"). But extrinsic documents attached to a motion to dismiss may be considered without converting the motion to one for summary judgment if the documents are

---

[2] Rule 12(d) requires the Court to provide the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

attached to the pleading, referred to in the pleading, or central to the party's claim. *Hepp v. Ultra Green Energy Servs.*, LLC, 2014 U.S. Dist. LEXIS 173692, at *7 (N.D. Ill., Dec. 17, 2014) (citing *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

Said and Midway do not reference the Workers' Compensation Settlement Agreement in their third-party complaint against Muller-Pinehurst.[3] Thus, the Settlement Agreement is not central to Said and Midway's claim and the Court will not consider the Settlement Agreement as part of the pleadings. *McCready v. eBay, Inc.*, 453 F.3d, 882, 891–92 (7th Cir. 2006). The Court therefore declines to continue as if it were proceeding on a Rule 12(b)(6) motion to dismiss.

Even if the Workers' Compensation Settlement Agreement were part of the pleadings, Muller-Pinehurst would still not prevail on its argument that the agreement's release bars it from future liability under the Contribution Act for two reasons. Dkt. 98, at 5. First, a release is an affirmative defense, not an argument against the sufficiency of the pleadings. FED. R. CIV. P. 8 (c)(1). *Hepp,* 2014 U.S. Dist. LEXIS 173692, at *7 (citing *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013)). Dismissing a case based on an affirmative defense is properly done under FED. R. CIV. P. 56 or FED. R. CIV. P. 12(c), not Rule 12(b)(6). *Yassan*, 708 F.3d at 975.

Second, there has been no judicial termination that the Workers' Compensation Settlement Agreement was reached in good faith. The Court is unsure whether Muller-Pinehurst is arguing that the agreement between it and Hoover's estate, the finding of good faith by the Workers' Compensation Commission, or both bar the claim on a Rule 12(b)(6) motion. Dkt. 98, at 5–6; Dkt. 105, at 5–6.

---

[3] The first mention of the Workers' Compensation Commission Settlement Agreement was in Muller-Pinehurst's motion to dismiss.

The Contribution Act provides that a release or covenant not to sue will discharge other tortfeasors from liability only if its terms so provide and it is given in good faith. 740 ILCS 100/2(c). The Contribution Act further states that the tortfeasor who settles with a claimant is "discharged from all liability for any contribution to any other tortfeasor." 740 ILCS 100/2 (c), (d). The good faith nature of a settlement "is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 784 N.E. 2d 812, 818 (Ill. Sup. Ct. 2003). The settling parties bear the initial burden of making a preliminary showing of good faith. *LaJeunesse v. Ford Motor Co.*, 642 F. Supp. 2d. 835, 839 (N.D. Ill. 2009) (citing *Johnson*, 784 N.E. 2d at 818). The party challenging the good faith of the settlement "need prove the absence of good faith by a preponderance of the evidence." *LaJeunesse*, 642 F. Supp. 2d. at 839 (citing *Johnson*, 784 N.E. 2d at 820). "The Contribution Act does not set forth a specific form that a release must take and does not even require the release to be in writing." *LaJeunesse*, 642 F. Supp. 2d. at 843 (citing *Lard v. AM/FM Ohio, Inc.*, 901 N.E. 2d 1006, 1016 (1st Dist. 2009)). And, as cases such as *Alvarez v. Fred Hintze Construction* make clear, an employer from whom contribution is sought "can make a good faith settlement of a workers' compensation claim with its employee and thus be discharged from contribution liability to non-settling defendants." 617 N.E. 2d 821, 824 (3rd Dist. 1993).

But whether a settlement satisfies the good faith requirement of the Contribution Act is a determination to be made by a court. *Johnson*, 784 N.E. 2d at 821 (stating that the good faith requirement is a matter "left to the discretion of the trial court based on the court's consideration of the totality of the circumstances"). *See also Stickler v. Am. Augers, Inc.*, 757 N.E. 2d 573, 577 (1st Dist. 2001) (finding that the Workers' Compensation Commission's approval of a proposed

settlement is irrelevant to a good faith finding within the meaning of the Contribution Act, because the Commission's concern is whether the agreement provides the decedent's dependents with sufficient funds on which to live). The purpose of requiring a judicial determination of good faith is to "allow trial courts to give effect to the strong public policy favoring peaceful settlement of claims, and at the same time allows trial courts to be on guard for any evidence of unfair dealing, collusion, or wrongful conduct by the settling parties." *Babb v. City of Champaign (In Re Babb)*, 642 N.E. 2d 1195, 1199 (Ill. Sup. Ct. 1994).

Here, the Workers' Compensation Commission Settlement Agreement between Hoover's estate and Muller-Pinehurst contains a provision attempting to release Muller-Pinehurst from potential liability under the Contribution Act by explicitly stating that the settlement was agreed upon in good faith. Said and Midway respond that the Workers' Compensation Commission Settlement Agreement language declaring itself to have been given in good faith "holds no merit whatsoever." Dkt. 103, at 4.

The Court agrees that the language and even the existence of the settlement agreement itself is not dispositive. Initially, as previously noted, the Contribution Act's requirement of good faith is determined by the trial court, not the settling parties. *Johnson*, 784 N.E. 2d at 821. The purpose of the good faith requirement is for courts to determine if there was "any evidence of unfair dealing, collusion, or wrongful conduct by the settling parties." *Babb,* 642 N.E. 2d at 1199. Without a *judicial* determination of good faith, the purpose of the requirement would not be met.  Next, and relatedly, "the validity of the settlement as between the plaintiff and the settling defendant does not *ipso facto* mean the settlement was made in good faith for purposes of the Contribution Act." *Stickler*, 757 N.E. 2d at 577.  Finally, "[a] settlement agreement may be valid for purposes of the [Workers Compensation] Commission yet not in good faith for

purposes of the Joint Tortfeasor Contribution Act." *Id.* at 577–78. A settlement agreement, such as the one between Muller-Pinehurst and the Hoover estate, is necessary but not sufficient to bar a claim under the Contribution Act. There must still be a judicial finding of good faith. Indeed, that is exactly what happened in *Alvarez* and the cases cited in that decision. There has been no judicial finding of good faith here, and this Court certainly can't make that type of finding on a Rule 12(b)(6) motion to dismiss.

## IV. <u>Conclusion</u>

For the reasons explained above, Muller-Pinehurst's motion to dismiss Midway and Said's third-party complaint under the Joint Tortfeasor Contribution Act is denied.

Date: September 20, 2022      By: _____
                                            IAIN D. JOHNSTON
                                            United States District Judge