# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Tara Hoover, as Special Administrator of the Estate of Lorne Hoover, deceased, ) ) ) Plaintiff, ) ) v. ) ) Abdullahi Said, et al., ) ) Defendants. ) | Case No. 20 C 50247 Magistrate Judge Margaret J. Schneider |

## REPORT AND RECOMMENDATION

      On April 13, 2023, Plaintiff filed a Petition to Approve Settlement and Allocation [130]. A revised Petition to Approve Settlement was filed on June 27, 2023, that includes a signed, unsworn declaration from Plaintiff, and a signed Certificate of Attorney from Plaintiff's counsel [138]. Also on April 13, 2023, Plaintiff filed a Petition for Guardian [131]. This Court denied the Petition for Guardian noting that relief should be pursued in the court that appointed Plaintiff as Special Administrator [133]. The Court gave Defendants a period of time to object to Plaintiff's Petition to Approve Settlement. *Id.* No objection to the Petition to Approve Settlement was filed. On May 15, 2023, an Agreed Stipulation of Dismissal with Prejudice [134] was filed. In response to the Court's directive, on June 13, 2023, the parties filed a Joint Status Report Regarding Settlement [136]. In that report, the parties indicated Plaintiff stands on her petition for settlement with no objection from Defendant. *Id.* The parties further reported that no guardianship petition relief has been sought in state court as Plaintiff elects to wait until settlement funds have been received in this case. *Id.* The parties have agreed on a settlement, reached after private mediation, of $250,000 disbursed as follows: $83,325.00 to Barrick, Switzer, Long, Balsley Van Evera, LLP, pursuant to a fee agreement, $2,120.25 to Barrick, Switzer, Long, Balsley Van Evera, LLP for costs, $82,277.39 to Plaintiff Tara Hoover, $41,138.68 to decedent's adult child Lorelai Hoover, and $41,138.68 to decedent's minor child C.M.

      In consideration of the settlement and allocation, the Court recommends that the case be dismissed with prejudice. Plaintiff's counsel has represented to the Court in Plaintiff's Petition to Approve Settlement that "the settlement offer is [] fair and reasonable, and takes into consideration emotional distress, mental suffering, companionship, loss of financial support, other pecuniary injuries suffered by the Estate, and the liability issues that existed in this matter." [130, ¶5]. Counsel further represents "that the settlement is in the best interests of all parties to the Estate." *Id.* As previously noted, no objection to the Petition was filed. The Court agrees and finds that the agreement was reached in good faith, is fair and reasonable, and in compliance with the Illinois Wrongful Death Act, 740 ILCS 180/0.01, et seq., and the Illinois Survival Act, 755 ILCS 5/27-6.

Therefore, this Court recommends to the District Court the approval of the allocation proposed by the parties and a dismissal of all claims against all Defendants. Any objection to this Report and Recommendation is due by July 13, 2023. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: 06/28/2023                    ENTER:

*Margaret J. Schneider*
United States Magistrate Judge